# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAE BACA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-1126-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Commissioner's decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

## I.   Background

Plaintiff applied for SSI benefits, alleging disability beginning December 1, 2008. (R. 14, 152-58). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges the Administrative Law Judge (ALJ) erred in evaluating medical opinions in the record, and

improperly discounted the credibility of Plaintiff's allegations of symptoms based upon perceived noncompliance with medical treatment, without applying the factors presented in Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987). The Commissioner argues that the ALJ properly evaluated the medical opinion evidence. She acknowledges that the ALJ erred in making his credibility determination, but argues that the error was harmless.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court agrees with the Commissioner that the decision in this case should be affirmed. It addresses the issues in the order presented in Plaintiff's brief.

## II.    Evaluation of the Medical Opinions

Plaintiff claims the ALJ erred by according "little weight" to--and thereby failing to give deference to--the treating source medical opinion of Dr. Hall, and by according excessive weight to the non-examining source medical opinions of the state agency medical consultants. (Pl. Br. 9-12). Plaintiff argues that the ALJ erroneously found that Dr. Hall was not a treating physician because the doctor only saw Plaintiff two times before he expressed his opinion regarding her limitations. She argues that the ALJ discounted Dr. Hall's opinion because Dr. Hall only saw Plaintiff twice and because his clinical finding were unremarkable, and she argues that these reasons are insufficient to overcome the deference due a treating source opinion.

Plaintiff also claims it was error for the ALJ to accord "great weight" to the medical opinions of the state agency medical consultants. She acknowledges the reasons given by the ALJ to accord great weight to the opinions, but argues that the ALJ did not identify the evidence that is consistent with the opinions, and that the consultants' familiarity with the disability determination procedure "is 'hardly an acceptable basis for

favoring the opinion of a non-examining physician over a treating physician who has actively serviced a claimant's medical needs over a number of years and whose opinion is supported by the record.'" (Pl. Br. 11) (quoting Lambert ex rel. Lambert v. Astrue, 886 F. Supp. 2d 671, 686 (S.D. Ohio 2012)).  Next, Plaintiff argues that although the state agency consultants had the opportunity to review the record before providing their opinions, additional evidence was entered into the record thereafter and the consultants did not review that evidence.  She argues that these three factors are an insufficient basis to accord greater weight to the opinions of non-examining sources over that of a treating source.

### A.     Standard for Evaluating Medical Opinions

A physician or psychologist who has treated a patient frequently over an extended period of time (a treating source)[1] is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight."  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).  But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:"  an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. § 416.902.
　　　"Nontreating source:"  an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  Id.
　　　"Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

5

sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

A treating source opinion which is not accorded controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins v. Barnhart, 350 F.3d at 1300 (10th Cir. 2003). Those factors are:  (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. § 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)). Moreover, when a treating source opinion is not given controlling weight, all medical

opinions will be evaluated by the Commissioner in accordance with the regulatory factors.  20 C.F.R. § 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013).   But, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the above factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns a treating source opinion.  If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

## B.   Analysis

Plaintiff's assertion that the ALJ found Dr. Hall was not a treating physician misunderstands the decision.  The ALJ specifically referred to Dr. Hall as "Luke T. Hall, M.D., the claimant's treating physician."  (R. 21).  Moreover, when explaining the weight accorded to Dr. Hall's opinion, the ALJ recognized that "[g]enerally, more weight is afforded to the opinion of a treating source as the treating source is most often in the best position to provide a detailed, longitudinal picture of the claimant's medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings or one time examinations."  (R. 23).  But, the ALJ also explained that Dr. Hall had only seen Plaintiff twice before completing the form which

contained his medical opinion.  Id.  The effect of this explanation, in context, is to explain that although a treating physician is most often in the best position to provide a longitudinal picture of a claimant's impairments, that is not the case here because, although Dr. Hall was a treating physician, he had not treated Plaintiff extensively over a significant period of time.

Moreover, Plaintiff's assertion that the ALJ discounted Dr. Hall's opinion because Dr. Hall saw Plaintiff only twice and because Dr. Hall's clinical findings were unremarkable, misses the four other reasons given by the ALJ to discount Dr. Hall's opinion.  To be sure, the ALJ discounted Dr. Hall's opinion because Dr. Hall had seen Plaintiff only twice before he provided his opinion, and because "Dr. Hall's clinical findings at those visits were essentially unremarkable," with normal neurological signs and normal extremities.  (R. 23).  However, he also found (3) that Dr. Hall is not a specialist in the treatment of diabetes or orthopedic impairments; (4) that Dr. Hall's opinion that Plaintiff is unable to work is an opinion on an issue reserved to the Commissioner, and Dr. Hall does not have expertise in the Social Security disability regulations; (5) that Dr. Hall qualified his opinion by noting that it was expressed "per patient," thereby "suggesting that he was relying on the claimant's subjective reports rather than expressing his own opinion on the issue;" and, (6) that Dr. Hall's "opinion is not consistent with the substantial evidence of record, including the objective medical evidence as detailed above."  (R. 23).  Plaintiff does not address these bases to discount Dr. Hall's opinion, and the court finds that they are supported by the record evidence.

8

These reasons constitute "specific, legitimate reasons" to discount the treating source opinion. Substantial evidence supports the ALJ's determination to accord "little weight" to Dr. Hall's opinion.

Having failed to demonstrate error in the ALJ's decision to accord little weight to Dr. Hall's treating source opinion, Plaintiff also fails to show that the ALJ accorded excessive weight to the state agency consultants' opinions. Plaintiff acknowledges that the ALJ accorded "substantial weight" or "great weight" to these opinions (1) because the opinions are consistent with the record evidence, (2) because the consultants are familiar with the Social Security procedures for determining disability, and (3) because the consultants had the opportunity to review the medical records before forming their opinions. However, she argues that these reasons are insufficient to outweigh Dr. Hall's treating source opinion (1) because the ALJ never identified the evidence which was consistent with the consultants' opinions; (2) because the consultants' familiarity with the disability determination procedure "is 'hardly an acceptable basis for favoring the opinion of a non-examining physician over a treating physician who has actively serviced a claimant's medical needs over a number of years and whose opinion is supported by the record,'" (Pl. Br. 11) (quoting Lambert, 886 F. Supp. 2d at 686); and (3) because although the consultants reviewed the records available at the time they formed their opinions, evidence was subsequently entered into the record and the consultants did not review the additional evidence. None of these arguments has merit.

Before explaining his evaluation of the medical opinions, the ALJ had already summarized the record evidence in his decision and had explained his credibility determination. (R. 17-22). It was at this point that the ALJ accorded weight to the consultants' opinions because they "are consistent with the substantial evidence of record." (R. 23). There can be no doubt that the ALJ was referring back to the record evidence he had previously summarized. It is not necessary for the ALJ to repeat his summary to indicate the record evidence with which he found the opinions were consistent. Moreover, apart from Dr. Hall's opinion which was discussed above, Plaintiff does not point to a single piece of evidence which is inconsistent with the consultants' opinions.

With regard to Plaintiff's argument regarding the familiarity of the consultants with the Social Security disability program, she is correct that familiarity with the program alone is not a basis to favor the opinion of a non-examining physician over that of "a treating physician who has actively serviced a claimant's medical needs over a number of years and whose opinion is supported by the record." Lambert, 886 F. Supp. 2d at 686. However, as discussed above, Dr. Hall has not serviced Plaintiff's medical needs over a number of years, and his opinion is not supported by the record. Therefore, the holding of Lambert is not applicable here.

Plaintiff is also correct that additional evidence was entered into the record after the state agency consultants reviewed the record. But, that does not change the fact that the consultants were able to review the record (as it was then constituted) before

providing an opinion. Moreover, the final decision in this case was made by the ALJ based on the entire record, including the evidence admitted after the consultants' review. It is the ALJ's responsibility to determine whether the new evidence supports the consultants' opinions. That is what happened here, and as noted above, the ALJ found that the record evidence is consistent with the opinions of the consultants. Plaintiff is correct to point out that while "it may be valid to consider the fact that a medical source has reviewed different parts of the record, 'to hold that cumulative review of the record is alone sufficient to outweigh a treating physician's opinion would practically eviscerate the treating physician rule.'" (Pl. Br. 11) (quoting Warshaw v. Comm'r of Soc. Sec., No. 2:09-cv-2803, 2010 WL 301828, at *7, 2010 U.S. Dist. LEXIS 3833, at *18 (N.D. Ohio Jan. 19, 2010)) (emphasis added). However, once again the rule to which Plaintiff appeals does not apply here. Here, the ALJ did not find that the consultants' review of the record was the only reason to credit their opinions. Rather, that was one of three reasons, and it was the last reason given by the ALJ. Plaintiff has show no error in the ALJ's evaluation of the medical opinions.

### III.   Credibility Determination

Plaintiff claims that the ALJ committed two errors in finding that Plaintiff was not compliant with taking her medications, and that these two errors necessitate remand. She argues that the ALJ failed to demonstrate how the evidence shows Plaintiff was noncompliant, and that the ALJ failed to apply the Frey factors before using noncompliance to find that Plaintiff's allegations of symptoms are not credible. In her

11

response brief, the Commissioner admits that the ALJ found that Plaintiff was noncompliant with taking her medications and that the ALJ failed to apply the Frey factors before making such a finding. She acknowledges that this failure was error, but argues that the error was harmless because the balance of the ALJ's credibility analysis is supported by substantial evidence. (Comm'r Br. 8) (quoting Dorrough v. Colvin, No. 12-4025-JWL, 2013 WL 4766804 (D. Kan. Sept. 4, 2013)). Plaintiff did not file a Reply Brief.

The court's review of an ALJ's credibility determination is deferential. Such determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.

Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

However, the Social Security regulations require that in order to get benefits a claimant must follow prescribed treatment if the treatment can restore the ability to work. 20 C.F.R. § 416.930.  The Tenth Circuit has explored the interplay between the requirement for a claimant to follow prescribed treatment and an ALJ's consideration of a failure to follow prescribed treatment when addressing the credibility of a claimant's allegations of disabling symptoms.  In <u>Frey</u> the court stated what has become known as "the <u>Frey</u> test:"  "In reviewing the impact of a claimant's failure to undertake treatment, . . . [the court] consider[s] four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." <u>Frey</u>, 816 F.2d at 517.  The court has continued to apply the test in <u>Thompson</u>, 987 F.2d at 1490, and other cases thereafter.

Here, there is no dispute that the ALJ erred in failing to apply the <u>Frey</u> test.  The real issue is whether the error is harmless in the circumstances of this case.  The Commissioner asserts that it is, and Plaintiff did not respond to that assertion.  The Tenth Circuit has explained that a court might rely upon harmless error analysis in those situations where it can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004).

As the Commissioner points out, in <u>Dorrough</u> this court relied upon the Tenth Circuit's opinion in <u>Branum v. Barnhart</u>, 385 F.3d 1268, 1274 (10th Cir. 2004) to find

that an error in failing to apply the Frey test was harmless.  2013 WL 4766804 at *11.  In Branum, the ALJ found the plaintiff's allegations of disabling pain were not credible, and one of the reasons given for doing so was because "the evidence fails to reflect that claimant sought any definitive treatment."  385 F.3d at 1274.  The court noted that the plaintiff was "correct that 'the ALJ may not discredit [her] for a lack of treatment or aggressive testing when . . . she has a legitimate reason for [failing] to get additional treatment, such as a lack of funds.'"  Id. (quoting the plaintiff's brief which quoted Thompson, 987 F.2d at 1490).  Although the court expressed "some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores," it concluded "that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record," and it affirmed the decision below.  Branum, 385 F.3d at 1274.  Thus, Branum stands for the proposition that even though an ALJ errs in failing to apply the Frey test, the error is harmless where the balance of the ALJ's credibility analysis is supported by substantial record evidence.  Moreover, in Branum the court also expressed some concern regarding the ALJ's reliance on the plaintiff's performance of minimal household chores.

In Dorrough, the ALJ's failure to apply the Frey test was the only error in evaluating credibility, and the ALJ provided fifteen other reasons for finding the plaintiff not credible.  2013 WL 4766804 at *11.  The court also noted that the plaintiff in Dorrough failed to reply to the Commissioner's argument that the error was harmless.  Id.

Here, like <u>Dorrough</u>, the ALJ's failure to apply the <u>Frey</u> test is the only credibility error alleged by Plaintiff.  Here, like <u>Dorrough</u>, Plaintiff has provided no argument in reply to the Commissioner's assertion that the error is harmless.  Although the ALJ in this case did not express fifteen reasons to discount the credibility of Plaintiff's allegations of disabling symptoms, he did provide six reasons to discount her allegations in addition to her alleged noncompliance with taking medications.  Those reasons find support in the record evidence.  As in <u>Branum</u> and <u>Dorrough</u>, the ALJ's error in failing to apply the <u>Frey</u> test is harmless.

As discussed herein, Plaintiff has shown no reversible error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

Dated this 23rd day of July 2014, at Kansas City, Kansas.

            s:/ John W. Lungstrum
            **John W. Lungstrum**
            **United States District Judge**